IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES COCHRAN et al. | : | CIVIL ACTION |
| v. | : | |
| MARLTON AUTO CREDIT et al. | : | NO. 12-3350 |

MEMORANDUM

Bartle, J.                                                     March 12, 2013

        Plaintiffs Charles Cochran and Yvette Bullock, his wife, have sued defendants Marlton Auto Credit ("Marlton"), A&E Cars & Trucks, Inc. ("A&E"), Stealth Recovery ("Stealth"), John Doe Repo-Man One and John Doe Repo-Man Two. The multi-count amended complaint contains claims under the Pennsylvania Uniform Commercial Code, 13 Pa. Cons. Stat. Ann. § 6909, and the Pennsylvania Motor Vehicles Sales Finance Act, 69 Pa. Cons. Stat. Ann. § 637, as well as state law claims for common law assault, conversion, trespass, negligence, and breach of contract. Defendant A&E also has been sued under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(5). Plaintiffs contend that their car was illegally repossessed on two separate occasions, once by Stealth and once by A&E, who were engaged to do so by Marlton, the entity with which plaintiff had a loan agreement.

        Before the court is the motion of Stealth to dismiss Count II of plaintiffs' amended complaint pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure for failure to state claims upon which relief can be granted.[1]

Plaintiffs, who are Pennsylvania citizens, have pleaded a federal claim only against defendant A&E. There is diversity of citizenship as to defendant Marlton, a New Jersey citizen. Defendant Stealth, against which are asserted only state law claims, is a Pennsylvania corporation, and thus diversity of citizenship is lacking between it and the plaintiffs. With the absence of complete diversity between plaintiffs and all defendants against which there are only state law claims, subject matter jurisdiction does not exist under 28 U.S.C. § 1332(a). See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553-54, 566 (2005).[2]

Nonetheless, plaintiffs maintain that this court has supplemental jurisdiction over the state claims against Stealth, pursuant to 28 U.S.C. § 1367(a), because the court has original jurisdiction over the plaintiffs' federal claim against A&E. Although Stealth has not challenged the court's jurisdiction, we must inquire on our own initiative as to whether we have jurisdiction to decide a claim. See, e.g., Lyon v. Whisman, 45 F.3d 758, 759 (3d Cir. 1995).

---

1. Count II pleads claims under the Pennsylvania Uniform Commercial Code and the Pennsylvania Motor Vehicle Sales Finance Act.

2. The amended complaint does not identify the citizenship of the John Doe defendants.

Congress has authorized district courts to exercise jurisdiction supplemental to their federal question jurisdiction under the circumstances set forth in 28 U.S.C. § 1367(a).  It provides in relevant part:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

Section 1367 codifies the jurisdictional standard established in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).  Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995).  Claims are part of the same constitutional case or controversy if they "derive from a common nucleus of operative fact," and "are such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding ...."  Gibbs, 383 U.S. at 725.

As noted above, plaintiffs have asserted a federal claim only against A&E.  Like Stealth, A&E is a company that provides repossession services to creditors.  According to the amended complaint, plaintiffs' car was the subject of two separate repossessions, one in April 2010 by Stealth, and one in October 2011 by A&E.  The underlying extension of credit by Marlton to plaintiffs and the car that was subject to repossession were the same during both repossessions.  The

repossessions, however, were performed by separate companies a year and a half apart.

The federal claim against A&E alleges that A&E used threatening and aggressive behavior toward plaintiffs in October 2011 and that A&E caused plaintiffs to be embarrassed and publicly disgraced. Such allegations are distinct from the state law claim against Stealth. Plaintiffs aver that Stealth failed to provide prior notice of repossession before attempting to repossess the car in April 2010 and that Stealth breached the peace in repossessing the car.

While the federal claim against A&E and the state claims against Stealth relate to the same automobile and the same credit contract between plaintiffs and Marlton, there is an insufficient factual nexus between the claims against Stealth and A&E to constitute the same constitutional case or controversy. The evidence used to prove the claim against A&E will be materially different from the evidence used to prove the claims against Stealth since the claims arise out of two separate incidents occurring over a year apart and involving separate defendants who are in no way connected to one another.

In Whisman, 45 F.3d 758, the plaintiff sued her employer under the Fair Labor Standards Act, 29 U.S.C. § 207(a), for unpaid overtime as well as for breach of contract and tortious conduct under state law for failure to pay an agreed-upon bonus. Plaintiff relied on the court's supplemental jurisdiction under § 1367(a) with respect to her state claims

since diversity of citizenship was lacking. Nonetheless, the Court of Appeals held that no supplemental jurisdiction existed over plaintiff's state law claims since the only link between the state law claims and the federal claim was the "general employer-employee relationship." Id. at 762. Although the parties were identical for both the federal and state claims, the nexus between the federal and state claims was not sufficient to confer supplemental jurisdiction.

Here, the parties are not even identical. Plaintiffs are attempting to have this court assert subject matter jurisdiction over a non-diverse defendant, that is, Stealth, against which only state claims are pleaded, based on a federal claim against a second defendant, A&E, which has no relationship or connection with Stealth. The fact that plaintiffs had a single credit agreement with Marlton or that Marlton had a relationship with both Stealth and A&E does not establish a tie between Stealth and A&E.

In sum, there is no common nucleus of operative fact uniting the federal claim against A&E with the state claims against Stealth so as to create a single case or controversy under Article III of the Constitution. If no supplemental jurisdiction existed in Whisman under § 1367(a), surely none can exist here.

Marlton has included in its answer a cross-claim for contribution and indemnity against Stealth. Since there is no subject matter jurisdiction over plaintiffs' claims against

Stealth and Stealth is thus not a proper party, the cross-claim necessarily falls.  A cross-claim may be brought only against a coparty.  <u>See</u> Fed. R. Civ. P. 13(g).

Accordingly, plaintiffs' claims against defendant Stealth and the cross-claim of defendant Marlton against Stealth will be dismissed for lack of subject matter jurisdiction.